UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB ANDREW JOHNSTON,

          Plaintiff,

   v.

SWAIN WILLIAMS, et al.,

          Defendants.

CASE NO. 3:25-cv-05638-BHS-DWC

ORDER DECLINING SERVICE AND TO SHOW CAUSE

Plaintiff Jacob Andrew Johnston, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Dkts. 8, 9. Having reviewed and screened the complaint under 28 U.S.C. § 1915A, the Court declines to direct service and, instead, orders Plaintiff to show cause why this action should not be dismissed based on the deficiencies in his complaint.

**I.   BACKGROUND**

Plaintiff, an inmate currently confined at Washington State Penitentiary ("WSP"), initiated this action challenging the lack of sociologists employed by the Washington State Department of Corrections ("DOC"). Dkt. 9. In his sole claim for relief, Plaintiff alleges he and other DOC inmates are being denied access to care and other benefits provided by sociologists.

ORDER DECLINING SERVICE AND TO SHOW
CAUSE - 1

*Id.* at 13–21. Plaintiff names over 300 individuals and entities as defendants for his claim, including various DOC facilities and other agencies of the State of Washington. *Id.* at 3–12. Plaintiff requests a total of $3 billion in damages and injunctive relief requiring that sociology services be provided within all DOC correctional facilities. *Id.* at 22; *see also* Dkt. 9-4.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act of 1996, the Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading's deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir.

ORDER DECLINING SERVICE AND TO SHOW
CAUSE - 2

1988)). However, if the claims put forth in a complaint lack any arguable substance in law or fact, then the complaint must be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Determining frivolousness is a matter of discretion, and a finding of legal frivolousness is appropriate where a complaint asserts claims against individuals who are clearly immune from suit and/or alleges the violation of unfounded or nonexistent legal rights. *Neitzke*, 490 U.S. at 327. On the other hand, a finding of factual frivolousness is appropriate where the factual contentions and scenarios alleged in a complaint are "clearly baseless," "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 327–28; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

### III.  DISCUSSION

Upon review, the Court finds the complaint deficient and declines to direct service because Plaintiff does not plausibly allege a violation of an existing constitutional right and fails to state a § 1983 claim against any defendant. Additionally, Plaintiff lacks standing to challenge the conditions of confinement of other persons. Together, these deficiencies also render the complaint legally frivolous.

**A.  Failure to State a § 1983 Claim**

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) she suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). At step two, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff's § 1983 claim is deficient at both steps.

1    First, Plaintiff does not identify a specific constitutional violation stemming from the
2 alleged failure to employ sociologists at DOC facilities. *See* Dkt. 9 at 13–21. Because his
3 allegations concern access to mental health treatment and general welfare, it appears that
4 Plaintiff may be seeking relief pursuant to the Eighth Amendment, which guards against
5 deliberate indifference to the serious medical needs of convicted prisoners and establishes a
6 constitutional floor for prison conditions. *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir.
7 2014). Even under this liberal construction, Plaintiff fails to plausibly allege a violation of his
8 constitutional rights.

9    "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S.
10 825, 832 (1994) (quotations omitted). "The Eighth Amendment is also not a basis for broad
11 prison reform" or a license for excessive federal judicial involvement. *Hallett v. Morgan*, 296
12 F.3d 732, 745 (9th Cir. 2002). Prisons are not required to "provide every amenity that one might
13 find desirable. Rather, the Eighth Amendment proscribes the unnecessary and wanton infliction
14 of pain, which includes those sanctions that are so totally without penological justification that it
15 results in the gratuitous infliction of suffering." *Id.* Accordingly, conditions of confinement,
16 however undesirable, do not violate the Eighth Amendment unless the conditions "deprive
17 inmates of basic necessities, fail to protect their health or safety, or involve the infliction of pain
18 or injury." *Nielsen v. Thornell*, 101 F.4th 1164, 1174 (9th Cir. 2024), *as amended* (July 8, 2024)
19 (citing *Overton v. Bazzetta*, 539 U.S. 126 (2003)).

20    Here, Plaintiff's contention that the DOC must provide inmates access to sociologists
21 does not meet the requirements for an Eighth Amendment violation; as a result, Plaintiff has
22 failed to plausibly allege a constitutional violation for his § 1983 claim. *See Nielsen*, 101 F.4th at
23 1172 (affirming dismissal of § 1983 claims contending the confinement of state inmates within
24 private prisons violates the constitution and "declin[ing] the plaintiffs' invitation to meddle in a

ORDER DECLINING SERVICE AND TO SHOW
CAUSE - 4

wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." (citations and quotations omitted)); *see also Balisok v. Boutz*, 46 F.3d 1138 (9th Cir. 1995) (affirming dismissal of civil rights complaint as frivolous where inmate alleged violations of nonexistent constitutional rights stemming from his removal from a sociology course).

Second, Plaintiff asserts his § 1983 claim against hundreds of individuals employed at various DOC facilities but fails to allege facts demonstrating their personal involvement in causing the harm alleged in the complaint. Dkt. 9 at 4–21. Indeed, a large proportion of individuals named as defendants are not employed at the DOC facility where Plaintiff is currently confined, and there is no allegation showing how any individual defendant contributed to the conditions about which he complains. *Id.* Because the complaint lacks sufficient factual allegations connecting each named defendant to the harm alleged, Plaintiff has failed to state a claim against any individually named defendant.

The remaining defendants Plaintiff lists for his § 1983 claim include various DOC correctional facilities and other agencies of the State of Washington. Dkt. 9 at 3. As stated, § 1983 provides a cause of action only for constitutional violations proximately caused by a "person" acting under color of state law. *See Crumpton*, 947 F.2d at 1420. Neither a state nor its agencies qualify as "persons" that can be sued under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because none of the facilities or agencies Plaintiff lists as defendants for his claim are "persons" capable of being sued under § 1983, he has failed to state a § 1983 claim against any defendant.

**B.     Lack of Standing**

Next, Plaintiff complains about the failure to provide sociologists at any DOC facility, including facilities where he is not confined. Dkt. 9 at 13–21. However, Plaintiff lacks standing

ORDER DECLINING SERVICE AND TO SHOW
CAUSE - 5

to challenge conditions of confinement beyond his own. *See Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."); *Wasson v. Sonoma Cnty. Junior Coll.*, 203 F.3d 659, 663 (9th Cir. 2000) ("Parties ordinarily are not permitted to assert constitutional rights other than their own."). To the extent Plaintiff seeks relief for conditions allegedly suffered by other inmates, the complaint is also deficient for lack of standing.

**C.    Frivolousness**

Finally, given his failure to identify a constitutional violation for his claim, the large number of deficient defendants sued, and his lack of standing, Plaintiff's complaint is also legally frivolous. That is, in its current form, the complaint "embraces…inarguable legal conclusion[s]" and is subject to dismissal for frivolousness and without the opportunity to amend. *See Neitzke*, 490 U.S. at 327; *Lopez v. Smith*, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) (noting that if a complaint is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend").

Therefore, if Plaintiff intends to proceed in this action, he must show cause according to the Court's instructions below.

## IV.    INSTRUCTIONS TO PLAINTIFF

Given the deficiencies described above, the Court will not direct service of the complaint. Instead, Plaintiff must show cause why his complaint should not be dismissed for failure to state a cognizable § 1983 claim, for lack of standing, and for frivolousness.[1] Failure to respond to this

---

[1] Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

order or adequately address the issues addressed herein by September 15, 2025, will result in a recommendation this action be dismissed.

Dated this 15th day of August, 2025.

*[signature]*

David W. Christel
United States Magistrate Judge

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 7