UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACOB ANDREW JOHNSTON,<br><br>                    Plaintiff,<br>    v.<br><br>SWAIN WILLIAMS, et al.,<br><br>                    Defendants. | CASE NO. 3:25-cv-05638-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: **October 2, 2025** |

      This prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. Plaintiff Jacob Andrew Johnston, proceeding *pro se* and *in forma pauperis*, alleges constitutional violations arising out of the lack of sociologists employed by the Washington State Department of Corrections ("DOC"). After screening the complaint under 28 U.S.C. § 1915A, the Court declined to direct service and, instead, ordered Plaintiff to show cause why this action should not be dismissed as frivolous and for failure to state a claim. Dkt. 10.

      Upon review of Plaintiff's timely show cause response, the Court recommends this action be dismissed for failure to state a claim.

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Plaintiff, an inmate currently confined at Washington State Penitentiary ("WSP"), initiated this action challenging the lack of sociologists at that and other DOC facilities. Dkt. 9. In his sole claim for relief, Plaintiff alleges he and other DOC inmates are being denied access to care and other benefits provided by sociologists. Plaintiff names over 300 individuals and entities as defendants for his claim, including various DOC facilities and other agencies of the State of Washington. *Id.* at 3–12. Plaintiff requests a total of $3 billion in damages and injunctive relief requiring that sociology services be provided within all DOC correctional facilities. *Id.* at 22; *see also* Dkt. 9-4.

On August 15, 2025, the Court directed Plaintiff to show cause why this action should not be dismissed for failure to state a cognizable § 1983 claim against any defendant, for lack of standing, and for frivolousness. Dkt. 10. Specifically, the Court concluded Plaintiff had failed to identify a constitutional provision for his § 1983 claim and, to the extent he sought relief under the Eighth Amendment, he failed to plausibly allege a violation of his constitutional rights. *Id.* at 3–5. The Court next concluded Plaintiff's claims against all defendants were deficient because Plaintiff failed to allege facts demonstrating the personal involvement of any individually named defendant and that all remaining defendants were not "persons" capable of being sued under § 1983. *Id.* at 5. The Court also concluded Plaintiff lacked standing to challenge conditions of confinement beyond his own, such as the alleged failure to provide sociology services at DOC facilities where he is not confined. *Id.* at 5–6. Finally, the Court concluded that, together, Plaintiff's deficiencies rendered the complaint legally frivolous. *Id.* at 6–7. Plaintiff was advised that failure to timely respond or adequately address all the issues identified by the Court would result in a recommendation this action be dismissed. *Id.*

Plaintiff filed his timely show cause response on August 19, 2025. Dkt. 11. In response to the Court's order, Plaintiff argues (1) denial of access to "social benefits" offered by sociologists is harmful and violates the Eighth Amendment, (2) he has standing to challenge the conditions of confinement at all DOC facilities because there is a "chance" he may be transferred to other facilities, and (3) that he did not intend to raise a legally frivolous claim and filed this action as a "honest attempt to obtain sociologists" at DOC facilities. Dkt. 11.

## II.  DISCUSSION

Plaintiff 's show cause response does not adequately address all the issues identified by the Court. First, Plaintiff's contention it is harmful to deny prisoner's the potential benefits a sociologist may offer does not demonstrate a violation of his rights under the Eight Amendment, which is not intended as a mechanism for wide-spread prison reform by the judiciary. *See* Dkt. 10 ("'The Eighth Amendment is also not a basis for broad prison reform' or a license for excessive federal judicial involvement." (quoting *Hallett v. Morgan*, 296 F.3d 732, 745 (9th Cir. 2002)). Next, Plaintiff's response does not address the more than 300 deficient defendants named in his complaint. *Id.* Additionally, Plaintiff's allegation there is a possibility he may be transferred to other DOC facilities does not confer standing to challenge the conditions at every DOC facility. *See Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 409–10 (2013) (a standing theory may not be based on allegations of possible future injury; rather, future injury must be "certainly impending" to confer standing). Therefore, the Court concludes that Plaintiff has failed to state a cognizable § 1983 claim against any defendant and lacks standing to challenge conditions of confinement beyond his own.

Accordingly, Plaintiff has failed to show cause why this action is not subject to dismissal for failure to state a claim. However, given Plaintiff's effort to respond the Court's order and

REPORT AND RECOMMENDATION - 3

show he did not intend to bring a frivolous legal action, the Court does not recommend dismissal on that additional ground.

### III.  CONCLUSION

For the above-stated reasons and those discussed in the show cause order (Dkt. 10), the Court recommends this action be dismissed for failure to state a claim.[1]

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 2, 2025**.

Dated this 17th day of September, 2025.

David W. Christel
United States Magistrate Judge

---

[1] Dismissal on this ground constitutes a "strike" under 28 U.S.C. § 1915(g).

REPORT AND RECOMMENDATION - 4