UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB ANDREW JOHNSTON,

        Plaintiff,

  v.

SWAIN WILLIAMS,

        Defendant.

CASE NO. C25-5638 BHS

ORDER

THIS MATTER is before the Court on Magistrate Judge David Christel's Report and Recommendation (R&R), Dkt. 12, recommending the Court dismiss pro se plaintiff Jacob Johnston's complaint in this case[1] with prejudice for failure to state a plausible claim. Johnston asserts that Washington Department of Corrections does not have sociologists on staff, to the detriment of all prisoners. He has sued 329 defendants and seeks $3 billion.

---

[1] The Court recently dismissed another of Johnston's cases, which sought a judicial decree outlawing gangs. *See Johnston v. Department of Justice*, No. C25-1382 BHS at Dkt. 12. Johnston has filed a dozen cases in this District in the past two years. All but this one have been dismissed.

ORDER - 1

1       The R&R correctly concludes that Johnston has failed to state a plausible claim,
2  and that he lacks standing to assert claims on behalf of all incarcerated individuals in the
3  State. It recommends the Court dismiss the case and consider the dismissed case a
4  "strike" under 28 U.S.C. § 1915(g).
5       A district judge must determine de novo any part of a magistrate judge's proposed
6  disposition to which a party has properly objected. It must modify or set aside any portion
7  of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district
8  judge may accept, reject, or modify the recommended disposition; receive further
9  evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P.
10 72(b)(3).
11      A proper objection requires "specific written objections to the proposed findings
12 and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). In providing for a de novo
13 determination, Congress "intended to permit whatever reliance a district judge, in the
14 exercise of sound judicial discretion, chose to place on a magistrate's proposed findings
15 and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal
16 quotation marks omitted). Thus, the district court is required only to indicate that it
17 reviewed the record de novo and found no merit to the objections in order to summarily
18 adopt the R&R's analysis. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). The
19 district court is not obligated to "expressly address" every objection. *Id.* at 437.
20      Johnston has not objected to the R&R, but instead filed a proposed amended
21 complaint reiterating why sociologists are important.
22

1 | Johnston's claim is not plausible and there is nothing he could add to make it so.
2 | The R&R is **ADOPTED**, and the case is **DISMISSED** with prejudice and without leave
3 | to amend. This dismissal is a "**strike**" under 28 U.S.C. § 1915(g).
4 | The Clerk shall enter a **JUDGMENT** and close the case.
5 | **IT IS SO ORDERED**.
6 | Dated this 7th day of October, 2025.

BENJAMIN H. SETTLE
United States District Judge